PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALI MOSHIR, | ) | |
| | ) | CASE NO. 4:17CV1458 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OFFICER MINEHART, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Ali Moshir filed this civil rights action against Corrections Corporation of America ("CCA")/Core Civic, the Northeast Ohio Correctional Center ("NEOCC"), NEOCC Officer Minehart, the NEOCC Warden, the United States Government, the United States Marshal Service, the State of Ohio, Mahoning County, and "any other could be/would be added at any point as deemed." ECF No. 1. In the Complaint, Plaintiff alleges Officer Minehart assigned him to a top bunk on the second floor despite his medical conditions. He seeks two billion dollars in damages.

## I.  Background

Plaintiff's Complaint is very brief. His claim, in its entirety, states:

> July.06.2016 + July 27.2016 + What I don't remember Officer Minehart and any other booking/housing/etc, Associate kept housing me on the top bunk, yet! on a/the second floor! with my/the medical condition(s) as obvious as they were!!! Putting me through pain, suffering agony repeatedly!!! In addition to already existing medical conditions, pains, and sufferings.

*Id.* at PageID #: 5. He does not specify the legal claim he attempts to assert against Defendants.

(4:17CV1458)

## II. Standard for Dismissal

A District Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a cefendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, 205 F.3d 1341 (Table), 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the District Court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151

2

(4:17CV1458)

F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

As an initial matter, the United States, the United States Marshal Service, and the State of Ohio are immune from suit. The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S., I.R.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1, 4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). The United States government has not consented to suit in *Bivens* actions. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991). The Eleventh Amendment provides sovereign immunity to the State of Ohio. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Plaintiff does not allege any wrong-doing by Mahoning County or the NEOCC Warden. He cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, 66 F.3d 326 (Table), 1995 WL 559381 (6th Cir. Sept. 20, 1995). A municipality can only be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978). Plaintiff does not allege any facts suggesting how Mahoning County, or the NEOCC Warden were involved in assigning him to a top bunk on the second floor at NEOCC.

(4:17CV1458)

Additionally, Plaintiff cannot bring a *Bivens* claim against NEOCC or CCA. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action, therefore, cannot be brought against an entity such as a federal prison, the Bureau of Prisons, or the United States Government. *Id*.

CCA, now known as Core Civic, owns and operates NEOCC, a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (holding that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer).

The Supreme Court also declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). "A federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as conduct involving the negligent or purposeful causation of pain due to the top bunk assignment), must seek a remedy under state tort law." *Id*. A *Bivens* remedy cannot be implied. Therefore, Plaintiff's *Bivens* claims against NEOCC Officer Minehart fail to state a claim upon which relief may be granted.

4

(4:17CV1458)

## IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


| | |
|---|---|
| November 17 , 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |